IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DEBORAH C. GARCIA, | ) | Civil No. 05-6108-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

    Kathryn Tassinari
    Robert A. Baron
    HARDER WELLS BARON & MANNING, PC
    474 Willamette Street, Suite 200
    Eugene, OR  97401

     Attorneys for Plaintiff

    Jeffrey H. Baird
    Special Assistant United States Attorney
    SOCIAL SECURITY ADMINISTRATION
    701 Fifth Avenue
    Suite 2900, M/S 901
    Seattle, WA  98104

    Michael McGaughran
    Vikash Chhagan
    SOCIAL SECURITY ADMINISTRATION
    Office of the General Counsel
    701 Fifth Avenue
    Suite 2900, M/S 901
    Seattle, WA  98104

    Neil J. Evans
    UNITED STATES ATTORNEY'S OFFICE
    1000 S.W. Third Avenue, Suite 600
    Portland, OR  97204-2902

      Attorneys for Defendants

JONES, Judge:

    Claimant Deborah Garcia seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB").  Defendant, in turn, has moved to remand this case for further administrative proceedings (# 15).

    This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a careful review of the record, the court concludes that the case must be remanded for further proceedings and therefore grants defendant's motion.

## ADMINISTRATIVE HISTORY

    Claimant protectively filed an application for DIB on January 28, 2003, alleging disability since January 1, 2003, due to hepatitis C infection, rheumatoid arthritis, acid reflux disease, hypoglycemia, depression, and tendinitis.  Tr. 78.  The application was denied initially and on reconsideration.  Claimant requested a hearing.  At the hearing on March 9, 2004, claimant, represented by counsel, and a vocational expert appeared and testified.  On July 29, 2004, the Administrative Law Judge ("ALJ") issued a decision denying claimant's application.

2 - OPINION AND ORDER

The ALJ's decision became the final decision of the Commissioner on February 15, 2005, when the Appeals Council declined review.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

SUMMARY OF THE ALJ'S FINDINGS

The ALJ first determined that claimant met the requirements for a period of disability and DIB through September 30, 2003. The ALJ then employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. § 404.1520. The ALJ first determined that claimant has not engaged in substantial gainful activity since the alleged onset of disability.

Second, the ALJ found that claimant has impairments, described as follows:

The claimant has a history of chronic pain complaints without clear documentation of meeting diagnostic criteria for either fibromyalgia or rheumatoid arthritis, hepatitis C, which can be associated with musculoskeletal symptoms of arthralgia or myalgia, though albumin and bilirubin are within the normal range, and liver biopsy showed grade I inflammation, a history of migraines, a history of tremor, a history of vertigo, an adjustment disorder with depression or dysthymia, possible dependent features, and a history of methamphetamine abuse in reported remission.

3 - OPINION AND ORDER

Tr. 24.  The ALJ questioned whether claimant had any medically determinable impairment likely to cause significant loss of work-related functioning on a long term basis; nonetheless, the ALJ deemed claimant's impairments "severe" but "not serious enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4."  Tr. 24.

Next, the ALJ determined claimant's residual functional capacity.  In making that determination, the ALJ found claimant's testimony and allegations concerning the level of her impairment not to be fully credible.  The ALJ assessed claimant's residual functional capacity as follows:

> [C]laimant is limited from lifting and carrying more than 20 pounds.  She needs an opportunity to change position and vary sitting, walking, and standing.  She may have difficulty with extensive writing or fine manipulation.  She is limited from working at unprotected heights or around dangerous hazards, such as moving machinery.  She has moderate limitations understanding, remembering, and carrying out detailed instructions and maintaining close attention and concentration for extended periods.

Tr. 28.

The ALJ next found that claimant could not perform her past relevant work as administrative clerk, general clerk, supervisor in assembly of office machinery, and manager of fast food service.  Based upon her age (younger individual), education (high school education and an AA degree), and residual functional capacity to perform a significant range of light work, and considering the testimony of the vocational expert, the ALJ found that claimant could perform a significant number of jobs in the national economy, including work as a security guard, an information clerk, and an office helper.  Consequently, the ALJ found that claimant

was not under a "disability" within the meaning of the Social Security Act, and denied her application for benefits.

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record; therefore, I will not recite the evidence except as necessary to explain my decision.

The Commissioner concedes that the ALJ erred in several respects:  In failing to apply the psychiatric review technique in assessing claimant's mental impairments and in failing to give sufficient consideration to the findings and opinions of psychologist Judith Eckstein and Gregory Falk, D.O.  The Commissioner argues that the conceded errors do not mandate reversal for benefits; rather, the Commissioner contends that further proceedings would be useful because the particular errors are subject to correction and the record needs further development.  Claimant, in turn, argues that she should not be required to wait "another year - at a minimum" and that the case should be remanded for an immediate award of benefits.  Plaintiff's Opposition to Remand, p. 2.

The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits.  If enhancement of the record would be useful, remand for further proceedings is appropriate.  Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  If, however, the record has been fully developed and further administrative proceedings would serve no useful purpose, the court should remand for an immediate award of benefits.  Id.  More specifically, the court should credit evidence that was rejected improperly during the administrative process and remand for an immediate award of benefits if:

5 - OPINION AND ORDER

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id. (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)). In the end, however, it is within this court's discretion to remand for further proceedings or an immediate award of benefits. Id. at 590.

With respect to the ALJ's treatment of Dr. Eckstein's findings and opinion, claimant asserts that there is no reason for remand to update her mental health record, obtain medical source statements, and analyze any mental impairments with the psychiatric review technique, as the Commissioner proposes, because, according to claimant, this case is "based upon [claimant's] physical conditions." Plaintiff's Opposition, p. 5. That assertion does not square with the allegations of disability she pursued throughout the administrative proceedings, which included depression, difficulty concentrating and performing simple mental tasks, anxiety, crying sprees, difficulty sleeping, and general mental state. E.g., Tr. 57, 78, 85. Consequently, claimant's mental condition is very much at issue, and the Commissioner is correct that the record in this area requires further development and/or clarification.

With respect to Dr. Falk, claimant asserts that if credited as true, his opinion mandates a finding of disability. I disagree. Even assuming the "credit as true" approach remains appropriate in any particular case,[1] in this case, Dr. Falk's opinion conflicted with other medical

---

[1] The Ninth Circuit has backed away from "crediting as true" as mandatory. Instead, the Ninth Circuit holds that courts must have some flexibility in applying the "crediting as true" theory of analysis. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). The record in this case demands flexibility, as the evidence of impairment is conflicting and claimant's credibility is by no means clear.

opinions and his diagnoses are not supported by the kind of compelling objective medical evidence that might persuade this court that further proceedings would be futile.

Finally, on this record, claimant's credibility is an open question that must be reassessed on a complete record of both of her physical and mental impairments.

Thus, I agree with the Commissioner that further proceedings are necessary before a proper determination of "disabled" or "not disabled" can be made.  On remand, the ALJ must further assess claimant's mental impairments, if any; develop the medical record to obtain necessary clarification; reevaluate Dr. Falk's opinions; and reassess claimant's credibility.  Based on the complete record, the ALJ must then reassess claimant's residual functional capacity and, depending on that finding, obtain supplemental vocational expert testimony.  At this point, the record as it stands is equivocal and inconsistent, and does not, as claimant argues, compel a conclusion of "disabled" in the absence of findings sufficient to support such a conclusion.

Thus, I conclude that remand for an immediate award of benefits is not appropriate because outstanding issues remain to be resolved and the record does not compel a finding that claimant is disabled.  Consequently, in the exercise of my discretion, I grant defendant's motion (# 15) and remand this action to the Commissioner for further proceedings.

## CONCLUSION

Defendant's motion to remand (# 15) is GRANTED.  The decision of the Commissioner denying benefits is REVERSED and REMANDED for further proceedings as described in Defendant's Memorandum in Support of Remand and consistent with this opinion.  As a condition of remand, defendant shall pay claimant's reasonable attorney fees and costs incurred on or before the date of defendant's motion to remand  (January 13, 2006).

7 - OPINION AND ORDER

DATED this 12th day of May, 2006.

   /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

8 - OPINION AND ORDER